### Joseph C. Mackin and Clara G. Mackin v. A. M. Bauer Delles.

1. COURTS—*Discretion, and Abuse Thereof.*—Motions for leave to file supplementary affidavits on applications for continuances, and to set aside orders of dismissal and the like, are addressed to the sound discretion of the trial court, and unless there is a palpable abuse of such discretion the action of the court will not be disturbed.

Assumpsit, for wages, etc. Appeal from the Circuit Court of DuPage County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

M. V. GANNON, ALFRED MOORE, and SAMUEL RICHOLSON, attorneys for appellants.

H. H. GOODRICH, attorney for appellee; McDOUGALL & CHAPMAN, of counsel.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This suit was originally brought before a justice of the

peace to recover wages claimed to be owing to appellee by appellants. The latter not appearing before the justice, the appellee recovered a judgment for $159.50, and appellants took the case to the Circuit Court by appeal.

At the March term, 1895, of that court, appellants obtained a continuance on the ground that their attorney was a member of the State Senate, in attendance upon its sessions.

At the next term of the court, appellants again applied for a continuance, on the ground of the absence of material witnesses. The affidavit on which the application was based was filed October 7, 1895, and on the 9th of October, 1895, appellants, by their attorney, asked leave to file a supplemental affidavit for a continuance, but the court refused the leave and overruled the motion for a continuance, to which ruling of the court appellants excepted.

On the following day, October 10, 1895, upon the regular call of the docket, appellants and their attorney being absent and failing to answer, the appeal was dismissed, and a *procedendo* to the justice was awarded. On the 15th of October, 1895, appellants filed their motion to set aside the order of dismissal, which motion was, by the court, overruled. And this is assigned for error.

We think there was no error on the part of the court in refusing leave to file the supplemental affidavit for a continuance. The affidavit for a continuance was insufficient, and there was no error in overruling the motion to continue.

Nor was there any error in overruling the motion to set aside the order of dismissal and reinstate the case. Such motions are addressed to the sound discretion of the trial court, and unless there is a palpable abuse of the discretion, the decision of that court will not be disturbed. In this case, no sufficient reason was shown for setting aside the order of dismissal and reinstating the case, and we can not see that the court in any way abused its discretion.

The motion in arrest of judgment was properly overruled. Finding no error in the record, the judgment will be affirmed.